**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SAMY JIMENEZ RAVELO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01892-DB** |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Acting/Director of El Paso Field Office,* | § | |
| *U.S. Immigration and Customs* | § | |
| *Enforcement*, *et al.*, | § | |
| **Respondents.** | § | |

## ORDER DENYING MOTION TO STAY

On this day, the Court considered "Federal Respondents' Opposed Motion to Stay the Court's Order," ("Motion") ECF No. 7, filed on July 28, 2026. Respondents seek a stay of this Court's order granting Petitioner relief based on her constitutional as applied challenge to mandatory immigration detention under Section 1225(b). *Id.* at 1. Respondents argue the Fifth Circuit's precedential stay order in *Sosnava Rodriguez v. Ortega* mandates this Court to cease granting *any* immigration habeas relief under due process principles until an *en banc* decision is rendered. *See id.* at 3. But, as stated in its July 24, 2026, order, "[t]his Court declines to infer directives of constitutional magnitude from the Fifth Circuit where none have been given." ECF No. 6 at 5.

Respondents' primary argument is that *Trump v. Boyle* squarely controls here. But that case and any principles derived from it are inapposite from the circumstances in this case. In *Trump v. Boyle*, 145 S. Ct. 2653 (2025), the Supreme Court stayed a district court injunction based on its prior stay order in *Trump v. Wilcox*, 145 S. Ct. 1415 (2025). Both *Boyle* and *Wilcox s*tayed district courts' grants of declaratory and injunctive relief pending the merits decision on the President's

power to remove executive officers. In *Boyle*, the Supreme Court wrote the *Wilcox* stay reflected the Court's "judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Boyle*, 145 S. Ct. at 2653. Since *Boyle* did not differ in any meaningful respect,[1] the Court's articulated judgment in the *Wilcox* stay squarely applied.

The *Boyle* principle does not apply here.[2] The Fifth Circuit's order does not say anything, much less what judgment the stay reflects. Consequently, this Court assigned the order's effect on ongoing habeas cases the explicit relief requested by Respondents in their *Sosnava Rodriguez* motion. Respondents' motion framed the grant of a precedential stay as "relief [] necessary to rectify the lower courts' facial invalidation of §1225(b)(2)(A)." *Sosnava Rodriguez*, 26-50183, ECF No. 178-1 at 10–11. Because the precedential stay order and the underlying motion make no mention of constitutional as applied challenges, this Court will not cease adjudicating them. [3]

[1] *See Boyle*, 145 S. Ct. at 2653 ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases. The stay we issued in *Wilcox* reflected "our judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." 145 S.Ct., at 1415. The same is true on the facts presented here, where the Consumer Product Safety Commission exercises executive power in a similar manner as the National Labor Relations Board, and the case does not otherwise differ from *Wilcox* in any pertinent respect.")

[2] *See Estrada v. De Anda Ybarra*, EP-26-CV-1897-KC, 2026 WL 2168090, at *1 (W.D. Tex. July 28, 2026) (distinguishing *Boyle* and similar cases because "the original stay orders analyzed the relevant factors and explained why the balance of the equities weighed in favor of a stay" and here the Fifth Circuit issued its order without any explanation whatsoever).

[3] In their motion to stay in the Fifth Circuit, Respondents argued that "[i]n these cases [in the consolidated appeal], the district courts held §1225(b)(2)(A) facially unconstitutional under the Due Process Clause and ordered Petitioners' immediate release from detention." *Sosnava*

Having determined the precedential stay order's scope is not all encompassing despite Respondents' insistence on characterizing it as such, the Court finds its preclusive effect does not apply to Petitioner's as applied challenge in the instant case. After due consideration, and for the same reasons articulated in the July 24, 2026, order, Respondents' Motion is denied.

Accordingly, **IT IS HEREBY ORDERED** that "Federal Respondents' Opposed Motion to Stay the Court's Order," ECF No. 7, is **DENIED**. The Court's previous rulings remain in full effect in all respects.

**SIGNED** this **31st** day of **July 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

*Rodriguez*, 26-50183, ECF No. 178-1 at 10–11. Yet, in their Motion before this Court, Respondents concede "the district courts [in the *Sosnava* appeal] did not frame their holdings in facial terms; like this Court, they purported to grant as-applied relief." ECF No. 7 at 7. Respondents' multiple characterizations based on an unadopted legal theory coupled by a silent Fifth Circuit order highlights why this Court must act in accordance to *established precedent* in as applied challenges until the Fifth Circuit unambiguously directs otherwise.